IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR DARNOLD | § § § | |
| vs. | § § § § § | CIVIL ACTION NO. 5:22-cv-00403 |
| JOHNSON CONTROLS, INC. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW JOHNSON CONTROLS, INC., Defendant in the above-styled and numbered cause, and files this Notice of Removal of this action to the United States District Court for the Western District of Texas, San Antonio Division, and would respectfully show the Court as follows:

### I.

### PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

Plaintiff filed his Original Petition on or about August 16, 2021, in the 288th Judicial District Court of Bexar County, Texas. Plaintiff's Original Petition is styled *Victor Darnold v. Johnson Controls, Inc.*, Cause No. 2021CI16563. Plaintiff, who is a former employee of Defendant, alleges that Defendant illegally discriminated against Plaintiff by terminating his employment after Plaintiff was diagnosed with COVID-19 and further alleges that Defendant refused to allow Plaintiff to return to work without obtaining a negative COVID test. Plaintiff has alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; the American with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101, *et seq.*; Americans With Disabilities

Act, As Amended, 42 U.S.C. § 12101, *et seq.* ("ADAAA"); The Families First Coronavirus Act ("FFCRA"), 29 C.F.R. § 826.10; and the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code ("TCHRA"), Tex. Labor Code Ann. § 21.001 *et seq.* *See* Exhibit A - Plaintiff's Original Petition. Plaintiff has made a Jury Demand.

Plaintiff served Defendant with process by Process Server on April 1, 2022, and the return of service was filed on April 6, 2022. *See* Exhibit B - Service of Process Transmittal. Defendant has filed its Original Answer in State Court. *See* Exhibit C

This Court has original jurisdiction over Plaintiff's lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under Federal Law; e.g. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; the American with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101, *et seq.*; Americans With Disabilities Act, As Amended, 42 U.S.C. § 12101, *et seq.* ("ADAAA"); and The Families First Coronavirus Act ("FFCRA"), 29 C.F.R. § 826.10. This civil action is properly removed to this district because the state court where the action has been pending is located within this district and division. 28 U.S.C. § 1441(a).

This Notice of Removal is accompanied by all executed process' and pleadings served on Defendant or filed by Defendant. See Exhibits A, B & C. There have been no orders entered by the state court in this case.

## II.

## THIS CASE IS REMOVABLE UNDER FEDERAL QUESTION JURISDICTION

28 U.S.C. § 1331 gives federal district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. In his state court lawsuit, Plaintiff alleges that Defendant violated his rights under the Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et seq.*; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; the American with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101, *et seq.*; Americans With Disabilities Act, As Amended, 42 U.S.C. § 12101, *et seq.* ("ADAAA"); and The Families First Coronavirus Act ("FFCRA"), 29 C.F.R. § 826.10. *See* Exhibit A. Plaintiff seeks lost wages, past and future; lost promotions; loss of seniority; lost benefits, past and future; loss of pension contributions; compensatory damages, past and future; front pay; retirement benefits; and attorney's fees. *Id.* at pp. 15-16.

This action is removed pursuant to 28 U.S.C. § 1331 and also 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). The federal questions at issue arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; the American with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101, *et seq.*; Americans With Disabilities Act, As Amended, 42 U.S.C. § 12101, *et seq.* ("ADAAA"); and The Families First Coronavirus Act ("FFCRA"), 29 C.F.R. § 826.10, all federal statutes. Federal question jurisdiction therefore exists because a federal question is presented on the face of Plaintiff's Original Petition. *See, e.g., Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (federal jurisdiction exists when a federal question is presented on the face of plaintiff's complaint); *Clewis v. Medco Health Solutions, Inc.*, 578 Fed.Appx. 469, 471 (5th Cir. 2014) (per curiam) (affirming federal district court's ruling that it had subject matter jurisdiction at the time the case was removed to federal court because the plaintiff's state court petition contained a federal claim for violation of the Americans with Disabilities Act); *McIver v. American Eagle Airlines, Inc.*, 413 Fed.Appx. 772, 775 n. 1 (5th Cir. 2011) (per curiam) (noting that the federal district court had original

jurisdiction based upon a federal question because Plaintiff's claims were asserted under the Age Discrimination in Employment Act); *see also Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-1161 (5th Cir. 1989) (a defendant may remove a state court action to federal court if such an action could have been filed in the federal court originally).

Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims asserted under the TCHRA because such claims arise from the same facts as Plaintiff's federal claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

In sum, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Thus, removal is proper under 28 U.S.C. § 1441(a) because Defendant is removing the case to the federal court for the district and division in which the action is currently pending.

### III.

### **THIS NOTICE OF REMOVAL IS TIMELY**

As required under 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after service of Plaintiff's Original Petition on Defendant. 28 U.S.C. § 1446(b)(1) provides that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). As stated above, Defendant was served on April 1, 2022 and the return of service was

filed on April 6, 2022. *See* Exhibit "B" "Service of Process Transmittal". April 1, 2022 is within thirty (30) days Defendant received service of process.

Promptly upon the filing of this Notice of Removal, Defendant shall file a Notification of Removal to Federal Court, with a copy of this Notice of Removal, with the District Court of Bexar County, Texas and serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. § 1446(d). A copy of Defendant's Notification of Removal to Federal Court to be filed in the state court is attached hereto as Exhibit "D".

WHEREFORE, PREMISES CONSIDERED, Defendant JOHNSON CONTROLS, INC. respectfully removes this matter from the 288th Judicial District Court of Bexar County, Texas to this Honorable Court for trial and determination of all issues. Defendant also requests all other relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

*/s/ Lawrence D. Smith*
LAWRENCE D. SMITH
State Bar No. 18638800
BRANDON E. STREY
State Bar No. 24084969
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
112 East Pecan Street, 2700 Weston Centre
San Antonio, Texas 78205
210.354.1300 - Telephone
210.277.2702 - Facsimile

**ATTORNEYS FOR DEFENDANT
JOHNSON CONTROLS, INC.**

*DEFENDANT'S NOTICE OF REMOVAL*  5

**CERTIFICATE OF SERVICE**

On this 25th day of April 2022, I electronically transmitted the foregoing Defendant's Notice of Removal, using the electronic filing system, which will transmit a Notice of Electronic Filing to the following counsel of record:

Jason J. Jakob
Diaz & Jakob, PLLC
Tetco Center
1100 NE Loop 410, Suite 200
San Antonio, Texas 78209

*/s/ Lawrence D. Smith*
Lawrence D. Smith/Brandon E. Strey